In the United States District Court
the Northern District of Ohio
Eastern Division

| | |
|---|---|
| Richard M. Neace<br>c/o Pat Horner, Attorney<br>412 14th Street<br>Toledo, OH 43604 | Case No. |
| Plaintiff | Judge |
| v. | Complaint |
| CoreCivic, Inc.<br>c/o Statutory Agent<br>CT Corporation System<br>4400 Easton Commons Way<br>Suite 125<br>Columbus, OH 43219<br>AND | Patricia Horner<br>412 14th Street<br>Toledo, OH 43604<br>(419) 699-6163<br>FAX (419) 244-1119<br>attorneypath@gmail.com<br>Attorney for plaintiff |
| (first name unknown presently) Silvernal<br>Unit Manager<br>c/o Dave Bobby, Warden<br>NeoCC<br>2240 Hubbard Road<br>Youngstown, OH 44505<br>AND<br>Mrs. (first name unknown) Hight<br>Unit Manager<br>c/o Dave Bobby, Warden<br>NeoCC<br>2240 Hubbard Road<br>Youngstown, OH 44505<br>AND<br>John Does 1-5 (first & last names unknown)<br>Medical and Prison personnel<br>c/o Dave Bobby, Warden<br>NeoCC<br>2240 Hubbard Road<br>Youngstown, OH 44505 | |

AND
Dave Bobby, Warden
NeoCC
2240 Hubbard Road
Youngstown, OH 44505
AND

Larry O. Woods# 762 342
NeOCC
2240 Hubbard Road
Youngstown, OH 44505

Defendants.

********************

Now comes plaintiff, through his Attorney, and hereby sets forth his allegations.

1. Plaintiff Richard M. Neace (hereinafter, at times, Neace) is an inmate at Northeast Ohio Correctional Center (hereinafter NeoCC) located in Youngstown, Mahoning County, Ohio; plaintiff has been an inmate at this facility throughout the time giving rise to the events set forth herein.

2. Defendant CoreCivic, Inc. (hereinafter CoreCivic) a privately owned corporation, organized under the laws of the State of Maryland, is authorized to do business in Youngstown, Mahoning County, Ohio and operates NorthEast Ohio Correctional Center (NeoCC). NeoCC is regulated by Ohio Department of Rehabilitations and Corrections (hereinafter ODRC). CoreCivic has been operating NeoCC throughout the time giving rise to the events set forth herein and further is responsible for all defendants' actions as alleged herein and, further, is responsible for the negligent and reckless supervision, discipline, staffing, training, and retention of defendants.

3. ODRC is an agency of the State of Ohio; Annette Chambers-Smith is the Director of ODRC and has been throughout the time giving rise to the events herein.

4. Defendant Mr. Silvernal (spelling and first name presently unknown), is a Unit Manager employed by defendant CoreCivic and works at NeoCC. Further, this defendant was

2

acting within his capacity as Unit Manager at NeoCC and was acting under color of state law throughout the time of the events set forth herein.

5. Defendant, whose first name is presently unknown to plaintiff and his Attorney, whose last name is Hight, is a Unit Manager, employed by defendant CoreCivic, works at NeoCC, was acting within the capacity of her employment at NeoCC as well as acting under color of state law throughout the events giving rise to this litigation.

6. Defendants John Doe 1-5, whose first and last names are currently unknown to plaintiff and his attorney, work at NeoCC as medical providers and prison staff all are employed by defendant CoreCivic and all were working at NeoCC and were acting under color of state law throughout the time of the events that have given rise to this lawsuit.

7. Defendant Dave Bobby is the Warden of NeoCC, is employed by defendant CoreCivic, is responsible for and supervises all staff at NeoCC, and has been throughout the time of the events set forth herein. Further, Defendant Bobby was acting in his capacity as Warden at NeoCC, as an agent of Defendant CoreCivic charged with the responsibility of training, supervising, disciplining, staffing Unit Managers, Corrections Officers, agents and employees at NeoCC; he was acting under color of state law at all times.

8. Defendant Larry O. Woods (hereinafter inmate Woods) is an inmate at NeoCC located in Youngstown, Ohio, his inmate number is 762 342, and, he was a level 3 inmate at NeoCC during the time of all the events occurring and giving rise to this action.

JURSIDICTION AND VENUE

9. Plaintiff incorporates by reference here, as if fully rewritten, ¶¶ 1 through 8.

10. This Court has original jurisdiction pursuant to 28 U.S.C. §1331 over plaintiff's causes of action as some of them arise under the United States Constitution and Federal law 42 U.S.C. §1983.

3

11. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over plaintiff's State law causes of action as they form part of the same controversy as the claims asserting original jurisdiction.

12. Venue, pursuant to 28 U.S.C. §1391(b)(2), lies within this Court and the Eastern Division because the events giving rise to this action occurred in Mahoning County, Ohio, which is within this Court's jurisdiction.

## FACTS

13.  Plaintiff incorporates by reference here, as if fully rewritten, ¶¶ 1 through 12.

14. In 2021, defendants CoreCivic, Warden Bobby, Unit Managers Silvernal and Hight, and John Does 1-5, their employees, staff, agents, with approval by defendants Warden Bobby, Silvernal, Hight, and/or John Does 1-5, placed defendant inmate Woods into the cell with plaintiff Neace, who was designated as a Level 2.

15. In the last two weeks of April 2021 defendant inmate Woods physically assaulted plaintiff Neace on 3 different occasions.

16. Plaintiff sustained 2 visible lacerations to his face, 1 black eye and a swollen cheekbone from defendant Woods' assault. Plaintiff asked defendant Unit Manager (first name unknown) Silvernal during a face-to-face conversation to move him to a different cell or move defendant inmate Woods. Neace explained Woods had assaulted him several times. Plaintiff's injuries were still visible.

17. Defendant Unit Manager Silvernal refused to move either Neace or Woods, instead, this defendant informed defendant inmate Woods that Neace had requested to be moved.

18. Following defendant Unit Manager Silvernal's disclosure, on April 29, 2021 defendant inmate Woods assaulted plaintiff a 4th time. Woods then called Corrections Officers (C.O.s) "to come and get Neace as he was checking in." When the C.O.s arrived, plaintiff told them he needed to go to medical, that he was not checking in.

4

19. For defendant inmate Woods to have stated that plaintiff was checking in that was equivalent to saying plaintiff was a snitch, and it put him in serious danger amongst other inmates.

20. Plaintiff sustained significant, serious injuries as a result of defendant Woods' 4th assault. Neace was bleeding from several places on his face, including from his nose, he now had 2 black eyes and swelling on both cheekbones.

21. Plaintiff was taken to the infirmary. There defendants John Does 1-2 (whose names are presently unknown) medical providers examined plaintiff's injuries, cleaned him up, gave him some Tylenol and sent him back to his cell.

22. On April 30, 2021 plaintiff was taken to a local emergency room hospital for assessment and medical treatment. Upon return to NeoCC, plaintiff told defendants John Does C.O.s 3-5 (whose names are presently unknown), Unit Managers, staff, and/or employees that he wanted to speak with someone from Mental Health. No one informed him if they had put in the request, nor did anyone from Mental Health visit plaintiff for over a week. Plaintiff was placed in a quarantine pod away from defendant inmate Woods.

23. On May 4, 2021 plaintiff was transported to St. Elizabeth's hospital for surgery. His jaw was fractured and was wired shut; he also sustained orbital fractures, a nose fracture, lacerations on his face and neck, plus significant bruising and swelling to his face and neck. While at the hospital, defendant Woods stole plaintiff's personal T.V. and computer tablet.

24. Several days later, at discharge from St. Elizabeth's hospital, the surgeon ordered plaintiff to be on a liquid diet, and strongly suggested Neace receive Boost (a protein drink) several times a day. He was prescribed anti-inflammatory and antibiotic medications.

25. On several occasions, such as on May 16 and 17, plaintiff did not receive his necessary allotment of Boost. Defendants CorreCivic, John Does 1-5, Warden Bobby, Unit

Managers Hight and Silvernal did not take any steps to correct this situation on either day. Plaintiff was therefore without nutrition and no way to take his medications.

26. On May 17, 11 days post-surgery and with his jaw still wired shut, plaintiff was ordered to return to general population. He asked defendant Ms Hight to let him remain in a quarantine cell so his injuries could heal and he would not appear to be so vulnerable to other inmates. Defendant Ms. Hight refused this request, instead informed plaintiff that he had the choice of general population or going to segregation, or "the hole".

27. From May 17 over the next two weeks, Plaintiff asked defendants CoreCivic, Warden Bobby's staff including defendants John Does 1-5 case managers, C.O.s, unit mangers, mental health counselor, several times to be moved from general population because he did not feel safe there, that he was in fear for his overall well-being, fear of being assaulted again, he was in fear appearing weak to other inmates Nothing was done to address plaintiff's concerns or requests and he remained in general population.

28. During that time, other inmates tried to threaten plaintiff with taking his protein drink, his only source of nutrition and calories. Plaintiff's fear for his safety and well being increased.

29. Neace was placed in a cell in general population, it did not have a working drain in the sink and there was filthy, smelly standing water in the sink. Plaintiff requested maintenance to fix the sink; it took approximately 3 weeks for the sink drain to be repaired.

30. Plaintiff filed kites, informals, complaints, grievances and appeals to report defendants' the unsanitary conditions he was forced to live in for about about 3 weeks as well as defendant Woods stealing his T.V and computer tablet. At times, he was unable to file in a timely manner kites, informals, grievances and/or appeals because defendant CoreCivic's defendants John Does 3-5 employees/agents refused to provide him access to the electronic filing system, would not provide him with paper materials to handwrite his kites, informals, grievances and/or appeals.

6

31. Plaintiff has been experiencing numbness and tingling in his lips, nose, and one of his cheeks as a result of defendant Woods' assaults. He also has suffered aggravation of PTSD

32. Plaintiff suffered fear, anxiety, emotional distress, pain and suffering from the assault by defendant Woods.

COUNT I: 8th Amendment violations

33. Plaintiff incorporates by reference here, as if fully rewritten, ¶¶ 1 through 32.

34. Plaintiff claims damages under 42 U.S.C. §1983 for the injuries he sustained from defendant' Woods' assault, defendants CoreCivic, Warden Bobby, Unit Managers Silvernal and Hight's and John Does 1-5, failures to move plaintiff when he first requested after Woods had assaulted him three times, requiring him to remain in an unsanitary cell and placing Neace in general population eleven days post jaw surgery.

35. Defendants CoreCivic, Warden Bobby, Silvernal, Hight and John Does 1-5, while acting under color of state law, failed to respond to plaintiff's repeated requests to be moved away from defendant Woods, thus violated his Constitutional rights guaranteed him by the 8th Amendment to the United States Constitution and therefore have infringed on Plaintiff's constitutional rights in violation of 42 U.S.C. §1983.

36. Defendants CoreCivic, Warden Bobby, Silvernal, Hight and John Does 1-5 while acting under color of state law, demonstrated deliberate indifference to plaintiff's requests for protection from defendant Woods, despite his repeated requests, therefore violated Neace's Constitutional rights guaranteed him by the 8th Amendment to the United States Constitution and their conduct rises to the level of cruel and unusual punishment thereby infringing on Plaintiff's constitutional rights in violation of 42 U.S.C. §1983.

37. Defendants CoreCivic, Warden Bobby, Silvernal, Hight and John Does 1-5 developed and maintained policies and / or customs which exhibited deliberate indifference to the constitutional rights of individuals held at NeoCC, including plaintiff, which caused violation of plaintiff's constitutional rights.

38. It was the policy and/or custom of Defendants CoreCivic, Warden Bobby, Silvernal, Hight and John Does 1-5 to fail to exercise reasonable care in the hiring of Corrections Officers, unit managers, employees and medical providers at NeoCC.

39. It was the policy and/or custom of defendants CoreCivic and Warden Bobby to inadequately train, supervise, educate and/or discipline Unit Managers including defendants Silvernal and Hight (whose full names are presently unknown) and John Doe, and other employees and medical providers at NeoCC.

40. Defendants CoreCivic, Warden Bobby deliberate indifference to plaintiff's need for protection from defendant Woods' assaultive behaviour, their failure to exercise reasonable care in the hiring of Unit Managers, and /or their failure to adequately train, supervise, educate and/or discipline NeoCC employees, staff, and/or Unit Managers Silvernal and Hight plus defendants John Does 1-5, led to these defendants failing to discourage further constitutional  violations on the part of NeoCC employees, staff, and/or Corrections Officers, including defendants  Warden Bobby, Unit Managers Silvernal and Hight, John Does 1-5 and defendant inmate Woods, all of which led to violations of the 8th Amendment to the United States Constitution and therefore all defendants have infringed on Plaintiff Neace's constitutional rights in violation of 42 U.S.C. §1983.

41. As a result of the above-described policies and/or customs, defendants CoreCivic and Warden Bobby, Unit Managers Silvernal and Hight, staff, Corrections Officers and John Does 1-5 employees of NeoCC  and defendant inmate Woods believed their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or lead to discipline, but instead would be tolerated.

42. The above-described policies, practices and/or customs demonstrate a deliberate indifference on the part of defendants CoreCivic, Warden Bobby, Silvernal and Hight to the constitutional rights, including the 8th Amendment, of the United States Constitution and thus have infringed on plaintiff's constitutional rights in violation of 42 U.S.C. §1983.

43. This deliberate indifference by those defendants caused injuries to plaintiff, including but not limited to, emotional distress, pain, suffering, fear, aggravation of plaintiff's PTSD, anxiety, plus serious injuries to his jaw, orbital sockets, and areas of his face.

### Count II: Negligence -training, supervision, discipline, staffing, retention

44. Plaintiff incorporates by reference here, as if fully rewritten, ¶¶ 1 through 43.

45. Defendants CoreCivic, Warden Bobby, Silvernal, Hight and John Does 1-5 all knew or should have known of ODRC's policy regarding classification of inmates for security and

housing purposes as well as steps to take when informed of a cell inmate's ongoing assaults on the other cell inmate.

46. Defendants CoreCivic, Warden Bobby, Silvernal, Hight and John Does 1-5 had a duty to know ODRC policies, procedures, protocol concerning housing and protection of inmates.

47. Defendants CoreCivic, Warden Bobby, Silvernal, Hight and John Does 1-5 had a duty to know ODRC policies, procedures, protocol concerning packing up of and protection of inmates personal property during times when that inmate is away.

48. Defendants CoreCivic, Warden Bobby, Unit Managers Silvernal and Hight plus John Does 1-5, their agents and/or staff had a duty of care to train, supervise, educate and discipline CoreCivic's Corrections Officers, staff, agents, employees and Unit Managers regarding classification of inmates, housing of inmates, addressing assaultive behaviour between inmates and assaults by inmates on other inmates. Despite their duties, these defendants housed defendant Larry O. Woods, a Level 3 inmate, who was known to have assaulted plaintiff Neace, a level 2, inmate on prior occasions.

49. The training, education, supervision and/or discipline provided by those defendants regarding policies, procedures, practices and/or protocol for prevention of and protection from inmate on inmate assaults was not sufficient to assure that defendant CoreCivic's and Warden Bobby's employees, agents, Corrections Officers, including defendants Unit Manager Silvernal and John Does 1-5 acted with reasonable, appropriate safety measures to prevent and/or deter inmate on inmate assaults, as defendant Woods assaulted plaintiff Neace on or about April 29, 2021 despite Neace having informed defendant Silvernal that defendant inmate Woods had assaulted him on prior occasions and that Woods was threatening Neace still.

50. The training, education, supervision and/or discipline provided by those defendants regarding policies, procedures, practices and/or protocol for packing up of and protection of inmates personal property while the inmate is away was not sufficient to assure that defendant CoreCivic's and Warden Bobby's employees, agents, Corrections Officers, including defendants Unit Manager Silvernal and John Does 1-5 acted with reasonable, appropriate measures to prevent and/or deter other inmates from stealing other peoples property, such as defendant Woods did of plaintiff Neace's property.

51. It was the policy, practice and/or custom of defendants CoreCivic, Warden Bobby, Unit Managers Silvernal, Hight and John Does 1-5 to inadequately train, supervise, educate and/or discipline NeoCC employees, staff, agents, Corrections Officers, including defendants Silvernal, Hight and John Does 1-5, regarding reasonable and appropriate

9

safety measures that would prevent or deter inmate on inmate assaults, such as defendant Woods assault on plaintiff.

52. As a result of the above-described practices, customs and/or policies defendants CoreCivic, Warden Bobby, Unit Managers Silvernal, Hight and John Does 1-5 employees, staff, agents, Corrections Officers, including Unit Manager Silvernal and /or John Does 1-5, believed that his/her actions would not be properly monitored by supervisory personnel and that misconduct would not be adequately investigated, monitored and/ or disciplined, instead would be tolerated.

53. The above-described policies, practices and/or customs, along with inadequate supervision, training, education and /or disciplining of defendants CoreCivic, Warden Bobby's employees, agents, Corrections Officers including Unit Managers Hight and Silvernal and John Does 1-5, was unreasonable and a breach of all these defendants' duty of care to plaintiff to prevent reasonably foreseeable inmate on inmate assaults, including defendant Woods.

54.  The above-described policies, practices and/or customs, along with inadequate supervision, training, education and /or disciplining of defendants CoreCivic, Warden Bobby's employees, agents, Corrections Officers including Unit Managers Hight and Silvernal and John Does 1-5, was unreasonable and a breach of all these defendants' duty of care to plaintiff to prevent reasonably foreseeable thefts of property between inmates.

55. Defendants CoreCivic, Warden Bobby, Unit Managers Silvernal, Hight and John Does 1-5  breach of their duty of care was negligence.

56. As a direct and proximate result of those defendants' negligence plaintiff Neace sustained serious physical injuries, emotional distress, fear, anxiety, aggravation of his PTSD, as well as extreme pain and suffering; plaintiff will suffer these in the future. Further, plaintiff sustained economic loss of his personal property.

COUNT III:  Assault & Battery

57. Plaintiff incorporates by reference here, as if fully rewritten, ¶¶ 1 through 56.

58. Defendant inmate Larry O. Woods acted in a manner consistent with the conduct described herein with the intent to cause harmful contact and did cause harmful contact with plaintiff Neace.  Defendant Woods intended to assault plaintiff and did so on or about April 29, 2021; plaintiff was repeatedly punched and kicked by Woods and sustained serious injuries.

10

59. Defendant Woods' actions were unlawful and unwanted, intentional and were done with hatred, ill-will and wanton disregard for plaintiff's well-being and rights.

60. As a direct and proximate result of Woods' unwanted conduct, plaintiff Neace sustained serious physical injuries, emotional distress, fear, anxiety, aggravation of his PTSD, and plaintiff will suffer these in the future.

COUNT IV: Intentional infliction of Emotional Distress

61. Plaintiff incorporates by reference here, as if fully rewritten, ¶¶ 1 through 60.

62. Defendants CoreCivic, Warden Bobby, Unit Managers Silvernal and Hight and John Does 1-5, knew or should have known housing plaintiff, a Level 2 inmate, with defendant Woods a Level 3 inmate with a known violent history as well as these defendants having been informed of Woods' prior assaults on plaintiff, violated ODRC policy, procedures and protocol and demonstrated ill-will and wanton disregard for plaintiff's well-being and his rights.

63. Defendants CoreCivic, Warden Bobby, Unit Managers Silvernal and Hight and John Does 1-5, knew or should have known returning plaintiff with his visible injuries to general population 11 days post-surgery would create and/or aggravate plaintiff's emotional well-being as well as place him in potential harm.

64. Defendants CoreCivic, Warden Bobby, Unit Managers Silvernal and Hight, and John Does 1-5, conduct described herein was willful, wanton, extreme, outrageous conduct and shocked the conscious of a reasonable person.

65. As a direct and proximate result of these defendants' conduct, plaintiff Neace sustained serious physical injuries, emotional distress, fear, anxiety, aggravation of PTSD and plaintiff will suffer these in the future.

WHEREFORE, plaintiff prays for judgment against all defendants, jointly and severally, as follows:

A. Declare that Defendants' acts and conduct constitute violations of the 8th Amendment of the United States Constitution under 42 U.S.C. §1983 and reasonable attorneys pursuant to 42 U.S.C.§1988.

B.      Judgment for plaintiff in Counts I, II, III for compensatory and statutory damages in an amount in excess of $75,000.00.

C.      Judgment for plaintiff in Counts IV for compensatory damages in an amount in excess of $75,000.00.

D.      award costs, expenses, reasonable attorney fees, interest; and,

E.      any other relief this Court deems just and proper.


Respectfully submitted,

*/s/ Patricia Horner*

_____

Patricia Horner

12